OSCAR W. HERMAN and Another, Plaintiffs, *v.* EDA APETZ and Another, Defendants.

Supreme Court, New York County, October 15, 1927.

International law — diplomatic service — immunity from process — action to set aside conveyance — defendant, wife of member of foreign diplomatic service, filed general appearance and pleaded immunity — wife may waive immunity — immunity waived by general appearance.

This is an action to set aside a conveyance. One of the defendants is the wife of the Secretary of Legation of the Republic of Costa Rica and as such is immune from process. Said defendant appeared generally and interposed a separate defense of immunity. While an envoy from a foreign State may not waive his diplomatic immunity without the consent of the sending State, this inability to waive immunity does not apply to his wife, family or domestic servants.

Said defendant by appearing generally waived her right to immunity, and, furthermore, it is doubtful whether or not she could claim the right to immunity in an action involving the title to real property in this State.

MOTION by the plaintiff to strike out the defense of immunity from process in an action to set aside a conveyance on the ground of fraud against creditors.

*Foster & Cutler*, for the plaintiffs.

*Anderson & Anderson*, for the defendant Florence A. Gonzalez.

FRANKENTHALER, J. Plaintiffs have brought this action against defendants Apetz and Gonzalez to set aside a conveyance from the

former to the latter on the ground of fraud against creditors. Defendant Gonzalez, who is a sister of the other defendant, after pleading on the merits in a general appearance, has interposed a separate defense to the effect that she is the wife of the Secretary of Legation of the Republic of Costa Rica and as such immune from process. There is no doubt that the personal immunity of envoys and their attaches extends to members of their domestic suite on the ground that their protection is necessary for the peace of mind of the envoy in discharging his official duties. (Foulke International Law, § 180.) But it is urged by the plaintiffs that the defendant has waived immunity by appearing to defend on the merits, and accordingly a motion has been made to strike out this defense. There is no doubt that an envoy may not waive his diplomatic immunity without consent of the sending state. Whether this inability to waive also applies to his wife, family and domestic servants is a matter of conflict among text writers. The better view seems to be that waiver on the part of such persons does not require the consent of the home state and is, therefore, effective. Has the defendant Gonzalez waived her privilege? The action involves real property and requires the determination of title to it. Such an action, being largely one *in rem*, should not be delayed by reason of the fact that one of the parties entitled to defend claims privilege. And even if such a claim were well founded, it is very likely that the defendant Gonzalez has waived her privilege by her general appearance. The following language of the English courts in *Taylor* v. *Best* (14 C. B. 487, 522) has peculiar application in aid of this view: " If, therefore, as in Holland, and in some other countries, where goods may be taken for the purpose of founding jurisdiction, the defendant may come in and convert the proceeding *in rem* into a proceeding *in personam*, and so attorn or submit himself to the jurisdiction, it seems to me that there is no distinction between that case and the present, where there has been no attempt on the part of the plaintiff to disturb the comfort or interfere with the personal liberty of the foreign minister, but where there has been the mere issuing of a writ to which he has voluntarily appeared, and thus submitted himself to the jurisdiction." While it is true that the defendant Gonzalez during the period of diplomatic immunity cannot be proceeded against by execution *in personam*, she has, nevertheless, by her voluntary appearance and defense on the merits, invited a judicial determination of the controversy. The motion is granted. Settle order.